62 F.3d 1423
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard L. CHAFFIN; Robert M. Clue; Clarence Bradford; John
Campbell; John Luce; and John Moreland,
Plaintiffs-Appellants,
v.
PORTLAND METROPOLITAN AREA BOUNDARY COMMISSION; City of
Portland, Defendants-Appellees.
 No. 93-36124.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 13, 1995.
Decided Aug. 4, 1995.
 
 1
 Before: HUG and FERGUSON, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs brought a section 1983 action alleging that their properties were annexed into the City of Portland in violation of the Fourteenth Amendment Due Process Clause of the United States Constitution. The district court granted summary judgment in favor of the City of Portland and the Portland Metropolitan Area Local Government Boundary Commission, and plaintiffs appeal.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. After de novo review, we affirm the district court's grant of summary judgment. See Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).
 
 BACKGROUND
 
 5
 The City of Portland is a political subdivision of the State of Oregon. The parties have stipulated that the Portland Metropolitan Area Local Government Boundary Commission ("Boundary Commission") is an agency of the State of Oregon. The Boundary Commission's purpose is to regulate annexation of properties of Washington, Multnomah, and Clackamas Counties into the boundaries of Portland and other designated cities.
 
 
 6
 Oregon law provides several methods by which a city can annex unincorporated contiguous territory. One method, pursuant to Or. Rev. Stat. Sec. 199.505, requires a vote of residents of the affected property if a sufficient number of those residents object to the annexation. Another, pursuant to Or. Rev. Stat. Sec. 222.750, does not require a vote of the affected citizens, but may only be used if the land to be annexed is completely surrounded by incorporated land. This second method is called "island annexation."
 
 
 7
 In 1987, the Boundary Commission adopted Order Nos. 2385 and 2422 annexing certain property, including plaintiffs' properties, into the City of Portland under the first annexation method. The orders were subject to objections by the residents of the subject properties. Objections were filed, elections held, and both annexation orders defeated.
 
 
 8
 Four years later, in 1991, the Boundary Commission issued annexation order no. 2933 under the "island annexation" procedure, which does not provide for elections. This order covered some of the same property subject to the prior failed annexation attempt, including plaintiffs' properties. After the 1987 annexation elections, the City of Portland annexed the surrounding land, which then entitled it to annex the initial land without elections. Plaintiffs contend that this annexation violated their due process rights.
 
 DISCUSSION
 
 9
 Plaintiffs name two entities in their action: The Boundary Commission and the City of Portland. The Boundary Commission argues that because it is a state agency, it is immune from suit in federal court under the Eleventh Amendment. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (eleventh amendment immunity covers the state, its agencies and departments); Hess v. Port Authority Trans-Hudson Corp., 115 S. Ct. 394, 130 L. Ed. 2d 245 (1994) (analyzing whether PATH is an arm of the state for purposes of eleventh amendment immunity).
 
 
 10
 Although the issue of immunity was raised below, the district court did not rest its decision to dismiss plaintiffs' claim on Eleventh Amendment grounds. It dismissed on the merits as to both defendants. Likewise, we do not reach the Eleventh Amendment issue and, instead, affirm the district court's grant of summary judgment on the merits.
 
 
 11
 On the merits, plaintiffs argue that once a proposed annexation has been voted down pursuant to section 199.505, the same property cannot later be annexed under the island annexation statute, section 222.750. They claim that to do so would violate the federal substantive due process rights of those who voted down the first annexation attempt. Plaintiffs argue that once the state has provided for elections, the substantive component of the Due Process Clause protects both the right to vote and the results of the elections.
 
 
 12
 The result of the vote against the annexation was given full effect when the annexation under section 199.505 was defeated. Eligibility for annexation under section 222.750 occurs under different circumstances, when the land in question is completely surrounded by incorporated land. The state law has not provided a requirement for a vote of those in the affected area in this circumstance.
 
 
 13
 It is undisputed that there is neither a state nor a federal fundamental constitutional right to vote on annexations. Mid-County Future Alternatives Comm. v. City of Portland, 795 P.2d 541, 549 (Oregon), cert. denied, 498 U.S. 999 (1990) (no right under Oregon's constitution); Hunter v. Pittsburgh, 207 U.S. 161, 177-79 (1907) (no federal constitutional right); Carlyn v. City of Akron, 726 F.2d 287, 290 (6th Cir. 1984) (same). The Supreme Court has reaffirmed this principle as recently as last term. See Hess, 130 L. Ed. 2d at 260 ("[U]ltimate control of every state-created entity resides with the State, for the State may destroy or reshape any unit it creates. '[P]olitical subdivisions exist solely at the whim and behest of their State."') (second alternation in original) (quoting Port Authority Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 313 (1990) (Brennan, J., concurring)); see also Adams v. City of Colorado Springs, 308 F. Supp. 1397, 1403 (D. Colo.), aff'd, 399 U.S. 901 (1970) ("[T]here is no absolute constitutional right under the due process clause of the Fourteenth Amendment to vote on a proposed annexation.") (emphasis in original).
 
 
 14
 The plaintiffs in this case have the right to vote on annexations only to the extent that the State of Oregon has granted them such a right. As the Sixth Circuit has held, where state law provides alternate means of annexation, only one of which provides residents with a vote, no due process violation arises from proceeding under the nonvoting alternative. Carlyn, 726 F.2d at 289.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3